UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Kelly Frithiof SUNDBERG,<br><br>        Petitioner,<br><br>v.<br><br>Harold OREOL,<br><br>        Respondent. | Case No. 16-cv-3127-WQH-AGS<br><br>**REPORT AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS (ECF No. 13)** |

  Kelly Sundberg's deadline for filing a federal habeas petition was May 6, 2000. He ultimately filed that petition—16 years late. Because no statutory or equitable tolling excuses his untimeliness, his petition must be dismissed.

## BACKGROUND

  Sundberg's torturous procedural journey to federal court began with his acquittal. On February 11, 1999, a California state trial court found him not guilty by reason of insanity of four felony crimes of violence, including attempted murder. (ECF No. 14-2, at 1.) A few weeks later, after finding that Sundberg had not recovered his sanity, the trial court committed him to Patton State Hospital for a maximum term of life plus six years. (*Id*. at 2; ECF No. 14-4, at 1.)

  The relevant procedural benchmarks following Sundberg's commitment are sketched out below.

1

***Judgment Becomes Final (May 6, 1999)***

Judgment was entered on March 7, 1999, and Sundberg never filed a direct appeal. (ECF No. 1, at 2; ECF No. 13-1, at 2 n.1; *but see* ECF No. 14-2, at 2 (judgment date listed as "March 5, 1999").) Thus, on May 6, 1999, his judgment became final for federal habeas purposes, when the 60-day time limit expired for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A); Cal. R. Ct. 31 (1999), *recodified at* Cal. R. Ct. 8.308 (A "notice of appeal . . . must be filed within 60 days" of judgment.).

Sundberg alleges that his retained appellate attorney never filed his direct appeal. (ECF No. 1, at 2, 10, 21-25.) As a result, Sundberg's $3,250 retainer fee was reimbursed (*see id.* at 26), and he asserts that the attorney was later disbarred. (*Id.* at 10.) In fact, a California attorney by the same name was disbarred in 2007 based on similar allegations. *See In re Elizabeth Ann Guittard*, Case Nos. 05-O-03826-RAP, 06-O-11537 (Cons.) (Cal. Dec. 26, 2006), http://members.calbar.ca.gov/courtDocs/05-O-03826.pdf).

***One-Year Federal Habeas Deadline Expires (May 6, 2000)***

Absent a basis for tolling, Sundberg's one-year deadline for filing a federal habeas petition expired on May 6, 2000, one year after his judgment became final. *See* 28 U.S.C. § 2244(d)(1).

***First Two State Habeas Petitions (2004-2006)***

On April 2, 2004, Sundberg filed his first state habeas petition, which was denied by the trial court. (ECF No. 14-2, at 2.) On May 10, 2006, he filed a second state habeas petition in the trial court, which was denied on July 5, 2006, for multiple reasons, including that it was an improper successive petition. (*Id.* at 2-3.)

***Third State Habeas Petition (May-June 2012)***

Sundberg waited almost six years to file his next state trial-court petition for a writ of habeas corpus. On May 22, 2012, he filed that third petition, which was denied two weeks later on June 6, 2012. (ECF No. 14-2, at 3.)

***Fourth State Habeas Petition and Further Litigation (May-December 2016)***

After four more years with no action, on July 28, 2016, Sundberg filed his fourth

state habeas petition, which the trial court summarily denied on September 6, 2016, for "abusing the writ process." (*See id.* 3-4.) Sundberg then began a determined climb up the state appellate ladder, filing a similar habeas petition in the California Court of Appeal (denied less than a week later on September 19, 2016), followed by another one in the California Supreme Court (denied within two months, on December 14, 2016). (ECF No. 14-4, at 2-3; ECF No. 14-6, at 1.)

### *Federal Habeas Petition Filed (December 2016)*

On December 19, 2016, shortly after the California Supreme Court rejected his latest state petition, Sundberg submitted his habeas petition under 28 U.S.C. § 2254 to this Court. (ECF No. 1, at 9.) Respondent now moves to dismiss Sundberg's petition as untimely and procedurally defaulted by the "independent and adequate state ground" doctrine. (ECF No. 13, at 2.)

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act, with limited exceptions, a person confined in state custody must file any federal habeas corpus petition within one year from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d). The AEDPA's one-year time limitation governs judgments of not guilty by reason of insanity that result in confinement. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (holding that, under § 2244(d), federal habeas review extends to "a state court's commitment of a person to a mental institution upon a verdict of not guilty by reason of insanity" (citation omitted)). Since Sundberg's one-year deadline for seeking federal habeas relief ended on May 6, 2000, his only recourse would be equitable or statutory tolling.

### A. Statutory Tolling

The AEDPA's one-year statute of limitations is tolled during the period of any properly-filed state collateral or post-conviction proceedings. *See* 28 U.S.C. § 2244(d)(2). But Sundberg never filed a state petition for collateral review during the one-year period; his first state habeas petition was filed five years after trial and nearly four years after his

3

federal habeas deadline. Filing a late petition does not restart the AEDPA's statute of limitations. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[W]e hold that section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed."). Thus, statutory tolling is unavailable.

## B. Equitable Tolling

The AEDPA's statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). But Sundberg qualifies for such tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (citation omitted). The Ninth Circuit has cautioned that "equitable tolling is unavailable in most cases and is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Mirando v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations and quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Id*.

While Sundberg's difficulties with his now-disbarred appellate attorney may qualify as extraordinary circumstances, he cannot meet the other prong of the analysis: diligent pursuit of his rights. When Sundberg's second state habeas petition was denied in 2006, he certainly had the means to file a federal petition and he understood that no one else would do it for him. Yet he waited nearly six years before filing his third state petition, and then another four years before filing his fourth state petition. Even ignoring all the other delays, this ten-year gap of inactivity—after Sundberg demonstrated an ability to file his own collateral attacks—cannot qualify as diligent pursuit of his rights. *See Taylor v. Filson*, 692 F. App'x 821, 822 (9th Cir. 2017) (denying equitable tolling, based in part on the fact that the prisoner, who had "mental health issues," had "filed two state post-conviction actions, indicating that he had the means to file a federal action.").

## CONCLUSION

Because Sundberg filed his federal habeas petition more than 16 years after the

4

16-cv-3127-WQH-AGS

statute of limitations expired, and no tolling is available, this Court recommends that respondent's motion to dismiss be **GRANTED** and that the petition be **DISMISSED** with prejudice.

Upon being served with a copy of this report, the parties have 14 days to file any objections. *See* Fed. R. Civ. P. 72(b)(2). Upon being served with any objections, the party receiving such objections has 14 days to file any response. *See id*.

Dated: January 10, 2019

Hon. Andrew G. Schopler
United States Magistrate Judge