UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY FRITHIOF SUNDBERG,<br><br>                              Petitioner,<br><br>v.<br><br>HAROLD OREOL, Executive Director of Patton State Hospital,<br><br>                              Respondent. | Case No.: 16-cv-3127-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

    In 1999, Petitioner Kelly Frithiof Sundberg was found not guilty by reason of insanity of four crimes of violence by a California state trial court and committed to Patton State Hospital for a maximum term of life plus six years. (ECF No. 14-2 at 1–2).

    On December 30, 2016, Sundberg, proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus naming Harold Oreol as Respondent (ECF No. 1) (the "Petition"). On August 4, 2017, Oreol filed a Motion to Dismiss the Petition. (ECF No. 13). On January 10, 2018, United States Magistrate Judge Andrew G. Schopler issued a Report and Recommendation recommending that the Motion to Dismiss be granted. (ECF No. 28). The Report and Recommendation concludes that Sundberg filed his federal habeas petition more than sixteen years after the statute of limitations expired and that Sundberg is not entitled to statutory or equitable tolling. *Id.* at 4–5.

1    Sundberg subsequently filed three documents objecting to the Report and
2    Recommendation (ECF Nos. 32, 34, and 38) and three documents seeking extensions of
3    time to object to the Report and Recommendation (ECF Nos. 30, 36, and 40). On March
4    6, 2018, the Court appointed David Zugman to represent Sundberg in this proceeding after
5    concluding that "a review of the record in this case shows that Petitioner has no legal
6    experience or legal assistance and that the legal issues in the case are difficult." (ECF No.
7    41 at 1).

Sundberg filed an Objection to the Report and Recommendation. (ECF No. 45). Sundberg contends that he is entitled to equitable tolling of the statute of limitations applicable to the Petition. *Id.* at 6 ("Sundberg's claims for equitable tolling raise far more difficult and intersecting issues tha[n] would allow them to be dismissed out of hand for a lack of diligence. Sundberg was denied even the transcripts of his proceeding which is grounds for tolling."). Sundberg "asks that this Court remand the matter to the magistrate judge in the first instance so that Sundberg can either make his case for equitable tolling or whether his case ought to be construed as a 42 U.S.C. § 1983 petition." *Id.* at 6. Oreol filed a Response to Sundberg's Objections to the Report and Recommendation asserting that Sundberg fails to establish grounds for equitable tolling.

The Court refers this action to the Magistrate Judge to allow counsel for the Petitioner to file a response to the motion to dismiss and to allow the Magistrate Judge supplement the Report and Recommendation (ECF No. 28).

Dated: August 6, 2018

*[signature]*

Hon. William Q. Hayes
United States District Court