UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY FRITHIOF SUNDBERG,<br><br>Petitioner,<br><br>v.<br><br>HAROLD OREOL, Executive Director of Patton State Hospital,<br><br>Respondent. | Case No.: 16-cv-3127-WQH-AGS<br><br>**ORDER** |

HAYES, Judge:

Before the Court is the Second Report and Recommendation of United States Magistrate Judge Andrew G. Schopler recommending Respondent's Motion to Dismiss be granted and Petitioner's Petition for Writ of Habeas Corpus be dismissed as untimely. (ECF No. 54).

**I. Background**

On December 30, 2016, Petitioner filed the Petition for Writ of Habeas Corpus. (ECF No. 1). On August 4, 2017, Respondent filed a Motion to Dismiss. (ECF No. 13). On January 10, 2018, Judge Schopler issued a Report and Recommendation recommending the Petition be dismissed. (ECF No. 28). On March 6, 2018, this Court granted Petitioner's request to be appointed counsel. (ECF No. 41). On June 8, 2018, Counsel for Petitioner filed Objections to the Report and Recommendation. (ECF No. 45). On June 22, 2018, Respondent filed a Response to Petitioner's Objections. (ECF No. 46). On September 21,

2018, Counsel for Petitioner filed a Supplemental Response to the Motion to Dismiss. (ECF No. 52). On February 27, 2019, Judge Schopler issued a Second Report and Recommendation addressing arguments made by Petitioner's appointed Counsel. (ECF No. 54). On March 13, 2019, Counsel for Petitioner filed Objections to the Second Report and Recommendation. (ECF No. 55).

## II. Ruling of the Court

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b).

After conducting a de novo review of the Second Report and Recommendation and considering the entire file, including Petitioner's objections, the Court finds that the Second Report and Recommendation correctly determined that the Petition is untimely because Petitioner is not entitled to statutory or equitable tolling. The Court adopts the Second Report and Recommendation. Respondent's Motion to Dismiss is granted, and the Petition is dismissed with prejudice.

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court finds that reasonable jurists could disagree as to whether Petitioner is entitled to equitable tolling under the unique facts of this case. The Court grants Petitioner a certificate of appealability as to whether Petitioner is entitled to equitable tolling.

**III. Conclusion**

IT IS HEREBY ORDERED that both Report and Recommendations in this matter (ECF Nos. 28, 54) are adopted in their entirety. IT IS FURTHER ORDERED that Respondent's Motion to Dismiss (ECF No. 13) is GRANTED. The Petition (ECF No. 1) is DISMISSED with prejudice as untimely. A certificate of appealability is GRANTED. The Clerk shall enter judgment in favor of Respondent and against Petitioner and close the case.

Dated: March 28, 2019

Hon. William Q. Hayes
United States District Court